On modified ballot title filed March 7,* modified ballot title certified March 15, 2002

Kris KAIN
and Tricia Bosak,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S49090)

41 P3d 1087

No appearance by petitioners.

Erika L. Hadlock, Assistant Attorney General, Salem, filed the filing of modified ballot title for respondent. With her on the filing were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

---

* 333 Or 452, 41 P3d 1063 (2002) (referring ballot title for modification).

The court in this ballot title review proceeding determined that the Attorney General's certified ballot title for a proposed initiative measure, which the Secretary of State denominated as Initiative Petition 133 (2002), failed to comply substantially with statutory standards. *Kain v. Myers (S49090)*, 333 Or 452, 41 P3d 1063 (2002). Under ORS 250.085(8), the court referred the ballot title to the Attorney General for modification. The Attorney General has filed a modified ballot title for the proposed initiative measure, and no party to the ballot title review proceeding has objected. *See* ORS 250.085(9) (setting out period within which party may object to modified ballot title and requiring court to certify modified ballot title if no objection filed).

The modified ballot title for Initiative Petition 133 (2002) states:

"AMENDS CONSTITUTION: REQUIRES LEGISLATURE TO REWRITE CERTAIN JUDICIALLY INVALID MEASURES, SUBMIT REWRITTEN MEASURES TO VOTERS; APPLIES RETROACTIVELY

"RESULT OF 'YES' VOTE:  'Yes' vote requires state legislature to rewrite initiative measures that courts invalidate for certain procedural reasons; requires submission of rewritten measures to voters; applies retroactively.

"RESULT OF 'NO' VOTE:  'No' vote rejects requiring legislature to rewrite citizen-initiated measures that courts invalidate for certain procedural reasons; rejects requiring submission of rewritten measures to voters.

"SUMMARY:  Amends constitution. Currently, any person may rewrite a judicially invalidated ballot measure, have resulting measure submitted to voters if signature-gathering, other requirements are met. This measure affects citizen-initiated ballot measures that courts invalidate for violating certain procedural requirements, including constitutional single-subject, full-text or separate-amendment provisions. Requires state legislature to rewrite invalidated measure, correcting procedural problems while replicating original measure's effect. Requires legislature to submit rewritten measure(s) to voters, using ballot title identical to original measure's to extent practical, adding statement that rewritten measure has same

effect as original, except for correction of procedural problems. Requires that certain challenges to voter-approved measures be brought in Oregon Supreme Court. Applies retroactively to judicial decisions issued after November 6, 2000. Other provisions."

The modified ballot title is certified. The appellate judgment shall issue in accordance with ORS 250.085(9).